
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDERICK DELANO PAULUS; et al., | No. 12-71641 |
| Petitioners, | Agency Nos.   A088-291-013 |
| v. | A088-291-014 |
| | A088-291-015 |
| ERIC H. HOLDER, Jr., Attorney General, | A088-291-016 |
| | A088-291-017 |
| Respondent. | |
| | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014**

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Frederick Delano Paulus, and his family, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's decision denying their application for

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).  Petitioner's request for oral
argument is denied.

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

We deny petitioners' motion to take judicial notice of the 2010 and 2011 State Department reports and we do not consider them. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (the court's review is limited to the administrative record).

Substantial evidence supports the BIA's finding that petitioners have not established the incidents Paulus experienced in Indonesia rose to the level of persecution, where Paulus was never physically harmed or threatened. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (discrimination and harassment do not constitute persecution); *see also Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (harms to friend and pastor were not part of pattern closely tied to petitioner). Further, substantial evidence supports the BIA's finding that, even under a disfavored group analysis, Paulus did not show sufficient individualized risk to establish a well-founded fear of future persecution. *See Halim v. Holder*, 590 F.3d 971, 977-79 (9th Cir. 2009); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Finally, the record does not compel the

12-71641

conclusion that petitioners established a pattern or practice of persecution against Christians in Indonesia. *See Wakkary*, 558 F.3d at 1060-62. Accordingly, petitioners' asylum claim fails.

Because petitioners did not meet the lower burden of proof for asylum, their claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they will be tortured by or with the consent or acquiescence of a government official if they return to Indonesia. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**